UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES E. JONES, JR.,

    Petitioner,

v.                                                     Case No: 8:12-cv-1677-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.

_____

**ORDER**

The Petitioner, Charles E. Jones, Jr., a Florida prison inmate proceeding *pro se*, brings this habeas corpus petition pursuant to 28 U.S.C. § 2254. Dkt. #1. The Respondent has filed a response, Dkt. #10, and the Petitioner has filed a reply raising new substantive issues, Dkt. #15. The Petitioner is challenging judgments and sentences entered in 2004 by the Thirteenth Judicial Circuit for two counts of attempted first degree murder and shooting at, within, or into a vehicle. Ex. #1. The Court concludes the motion should be denied because the Petitioner's ineffective assistance of counsel argument is without merit, and his other arguments are abandoned.

**BACKGROUND**

In 2003, the Petitioner drove a car, containing three passengers, in pursuit of another vehicle containing two victims. After a high-speed chase, shots were fired from or immediately outside of Petitioner's car. One victim was struck in the head. With the Petitioner driving, he and his three passengers then fled the scene. *See* Ex. #7. In 2004, a jury found the Petitioner guilty of two counts of attempted first degree murder and one count of shooting at, within, or into a vehicle. The trial court sentenced the Petitioner to

life in prison for Count One of attempted first degree murder, 20 years in prison for the second count, and five years in prison for shooting at, into, or within a vehicle, all terms to run consecutively. Dkt. #1, Ex. B, 12-13.

The District Court of Appeal affirmed the trial court *per curiam* on June 10, 2005, after Petitioner filed a direct appeal. *Jones v. State*, 906 So. 2d 1069 (Fla. 2d DCA 2005); Ex. 5. Then Petitioner filed a post-conviction motion raising the same ineffective assistance of counsel and improper jury instruction claims he does in the instant motion. After conducting an evidentiary hearing, the state trial court denied the Petitioner's motion. Ex. #7: 3.850 Record 2D10-5390, V. 1: 33-40, V: 2: 257-348. Petitioner appealed, but the trial court's denial of the post-conviction motion was affirmed *per curiam*. *Jones v. State*, 90 So. 3d 286 (Fla. 2d DCA, 2012); Ex. 11. Petitioner then timely filed the instant habeas corpus petition on July 26, 2012. Dkt. #1. In his April 9, 2013 reply, the Petitioner withdrew Grounds Two and Four of the instant motion, acknowledging that those grounds were abandoned and not exhausted in state court. Dkt. #10.

## **IMPROPER JURY INSTRUCTION**

In Ground One, Petitioner argues his right to due process was violated by the following allegedly improper jury instruction:

> To prove the crime of attempted First-degree Premeditated Murder, as charged in Counts One and Two of the Information, the State must proof [sic] the following three elements beyond a reasonable doubt:
> One. Charles Edwin Jones Junior did some act intended to cause the death of Tristan Green and or Dondre West that went beyond just thinking or talking about it.
> Two. The defendant acted with a premeditated design to kill Tristan Green, and or Dondre West.
> Three. The act would have resulted in the death of Tristan Green and or Dondre West, except that one present prevented the defendant from killing the victims, or the defendant failed to do so.

2

Ex. #2, 10.

The Petitioner explains: "[t]he improper jury instructions employed in this case, permitted the jury to find Petitioner guilty of Count I (attempting to kill Green) using elements of the offense in Count II (attempting to kill West) and vice-versa." Dkt. #10. No objection to this instruction was raised at trial. Ex. #2. In his direct appeal, and the instant motion, the Petitioner argues that the issue was preserved without an objection, because it is a "fundamental error" that denied him his due process right to a fair trial. Dkt. #1. The state appellate court affirmed the trial court without an opinion. *Jones v. State*, 906 So. 2d 1069; Ex. #2. Failure to object to the jury instruction at trial clearly bars the Petitioner from raising the issue on appeal. *Dober v. Worrell*, 401 So.2d 1322 (Fla. 1981). And, "when . . . it is obvious that [an] unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted." Green v. McNeil, 1:09-CV-204-MP-GRJ, 2011 WL 2790167 (N.D. Fla. June 22, 2011); *Bailey v. Nagle,* 172 F.3d 1299, 1303 (11th Cir.1999).

     Procedural default in state court will foreclose federal review, unless a petitioner shows cause and actual prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 84-85, 97 (1977); *Correll v. Sec'y, Dep't of Corr.,* 8:90-CV-315-T-23MAP, 2013 WL 1149321 (M.D. Fla. 2013). Here, the "cause" of the default is the failure to object at trial. Ex. #2. Petitioner has not attempted to justify this failure to comply with Florida's procedural rules, and thus he does not show cause for why his claim should be granted federal review. *See Wainwright v. Sykes,* 433 U.S. 72, 84-85, 97; *Correll v. Sec'y, Dep't of Corr.,* WL 1149321.

     For the purposes of explanation only, this ground would also fail on the merits. The jury was given adequate instructions on how to decide two separate counts of

attempted murder regarding two separate victims. Combining the instructions for each count and including "and/or" would not have confused the jury. Under the plain meaning of the instructions, if the jury concluded that the Petitioner was only attempting to kill one of the victims, then they could have found him guilty of only that count. Likewise, a reasonable jury would not construe the instructions to mean that if they believed the Petitioner only attempted one murder, then they must find the Petitioner guilty of both counts. Therefore, this alleged error has not deprived the Petitioner of a fair trial.

## **ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL**

To be successful, a claim of ineffective assistance of counsel must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defendant." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To be deficient, it must be shown "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* This is a high standard to meet, as it requires the counsel to act in an objectively unreasonable manner. *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*). Similarly, one's counsel is presumed competent, and the accuser must explicitly overcome this presumption with factual evidence to be successful. *United States v. Cronic*, 466 U.S. 648, 658 (1984); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); *Chandler v. United States*, 218 F.3d 1314 n.15.

Furthermore, counsel's deficient conduct must actually prejudice the defendant. *Strickland v. Washington*, 466 U.S. 668. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Finally, "[t]here is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

In Ground Three (Ground Two was withdrawn), the Petitioner argues that his counsel was ineffective for failing to investigate and call Erik Levy, Fabian Williams, and Toraino Jones as witnesses. The Petitioner claims that the witnesses would have admitted to being present in the Petitioner's car and that it was they who actually fired at the victims.

Levy admitted in a post-conviction interview with Petitioner's counsel that he was the shooter, but he also claimed to be lying about parts of what he said. Ex. #7:V. 2: R. 259-260. Likewise, during the hearing for the post-conviction motion Williams admitted to being the shooter, but after being warned his testimony could get him into trouble, he denied this and refused to testify further. Ex. #7: V. 2: R. 419-420. Finally, Jones claimed that only Levy and Williams fired the shots, but his account lacked detail and was in conflict with the facts put on by both the State and Petitioner. Ex. #7: V. 2: R. 262. All three of the witnesses were friends of the Petitioner and convicted felons. Ex #7: V. 2: R. 258-259. After conducting the evidentiary hearing and "having the opportunity to observe the demeanor of these witnesses," the trial court found their testimony lacking in credibility.  Ex. #7: V. 2: R. 262.

Trial counsel has broad discretion in determining strategy, and in deciding which witnesses to investigate and call. *Chandler v. United States*, 218 F.3d 1315 n.16; *United States v. Cronic*, 466 U.S. 658; *Tejada v. Dugger*, 941 F.2d 1559. Here, a reasonable attorney may have concluded, as did the trial court judge, that these witnesses were not credible and the jury would not believe them. Furthermore, it makes no difference who fired the shots. The Petitioner actively participated in the crime by driving the car, overtaking the victims, and enabling the shooters to fire the shots and flee the scene. Under a principal theory, this active participation subjects the Petitioner to the same

criminal liability as if he fired the shots himself. *See Garcia v. State*, 899 So.2d 447, 450 (Fla. 4th DCA, 2005) (holding that "[t]o be convicted as a principal, the defendant must have intended that the crimes be committed and have done some act to assist another in committing the crimes."); *A.S.F. v. State*, 70 So. 3d 754 (Fla. 4th DCA, 2011) (holding that to prove these elements, circumstantial evidence may be presented . . . ."). Therefore, the Petitioner's counsel was not deficient for failing to investigate the witnesses further or for failing to call them. The first prong of the *Strickland* analysis is not satisfied, and the Petitioner was not deprived of his Sixth Amendment rights.

## **DUE PROCESS**

This substantive issue was raised by the Petitioner for the first time in his reply, Dkt. #15, and is thus barred. *See Mamone v. United States*, 559 F.3d 1209, 1209 (11th Circuit, 2009). Similarly, this argument was not raised in state court or on direct appeal. Therefore, this issue has not been exhausted and is abandoned. Nevertheless, by way of explanation once more, the court will address the merits of the issue.

During the evidentiary hearing on the post-conviction motion, an assistant state attorney told witness Williams: "if the Court finds that your testimony here today is truthful, you could be charged with a crime . . . [a]nd are you prepared to spend the rest of your life in prison for that crime?" Ex. #7: V. 2: R. 419-420. After this statement, the witness would no longer testify and requested a lawyer. Ex. #7: V. 2: R. 419-420. The Petitioner claims in his reply, Dkt. #10, that this statement unlawfully intimidated the witness and deprived the Petitioner of his right to due process and a fair trial.

An attorney may warn a witness that his or her statements could result in legal action and possible criminal prosecution. *United States v. Petit Frere*, 334 Fed.Appx. 231, 237 (11th Cir. 2009). Such a warning must not be "protracted" or "unnecessarily

6

strong" and must be made in good faith. *Webb v. Texas*, 93 S. Ct. 351, 354 (1972); *United States v. Goff*, 400 F. App'x 507, 512 (11th Cir. 2010); *United States v. Petit Frere*, 334 Fed.Appx. 237. In the instant case, the prosecutor's statement was brief, consisting of only a few spoken sentences. Ex. #7: V. 2: R. 419-420. Similarly, the statement was not unnecessarily strong, conclusory, or untrue. Therefore, this Court concludes that the prosecutor's statement did not deny the Petitioner his constitutional rights.

Likewise, the Petitioner does not explain how the prosecutor's statement prejudices him. Even if the witness testified that the Petitioner did not fire the gun, the petitioner still drove the car in the pursuit of the victims and still helped the alleged shooters flee the scene. Thus, the Petitioner was a principal to the crime and would be criminally responsible regardless of whether he actually fired the gun. *See Garcia v. State*, 899 So.2d 450; *A.S.F. v. State*, 70 So. 3d 754. The two other witnesses, though contradictory, testified that Petitioner did not know that his passengers were armed and intended harm to the victims they were recklessly chasing. If these two witnesses could not convince the trial court, a third witness making equally inconsistent and unreliable claims would likely not tip the scales in favor of the Petitioner.

## CONCLUSION

It is therefore **ORDERED** that:

1. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1) is **DENIED**.

2. The Clerk is to enter judgment for Respondent, Secretary, Department of Corrections, terminate any pending motions, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on this 18th day of June, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12-cv-1677 deny 2254.docx