## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHARLES E. JONES, JR.,

    Petitioner,

-vs-                                                    Case No.  8:12-CV-1677-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's Motion for Reconsideration (Dkt. 18) which the Court construes as a motion to alter or amend the judgment pursuant to Rule 59(e), Fed. R. Civ. P.

The Court denied Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on June 18, 2013 (Dkt. 16). Judgment was entered June 19, 2013 (Dkt. 17). Petitioner timely filed his Rule 59(e) motion on July 16, 2013.

The decision to alter or amend a judgment under Rule 59(e) "is committed to the sound discretion of the district judge." *Am. Home Assur. Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237,1238-39 (11th Cir.1985). "The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999)). A party seeking reconsideration must "set forth facts or law of a strongly convincing nature

to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D. Fla. 1993). The decision to alter or amend a judgment is an "extraordinary remedy." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).

The Court has carefully reviewed Petitioner's arguments, but finds that these arguments are unsupported by facts or law of a "strongly convincing nature." Moreover, the Court is not convinced that reconsideration of the June 18, 2013 Order is necessary to correct a clear error or to prevent manifest injustice.

Accordingly, the Court **ORDERS** that Petitioner's Rule 59(e) motion to alter the judgment (Dkt. 18) is **DENIED**.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). And, because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on July 17, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
         Counsel of Record

2